STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**KEVIN SHEPHERD,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0368** (BOR Appeal No. 2054886)
                    (Claim No. 2020004364)

**OHIO COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Shepherd, by Counsel William C. Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Ohio County Board of Education, by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on August 23, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its November 21, 2019, Order. The Order was affirmed by the Board of Review on May 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

. . . .

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Shepherd, a custodian, alleges that he injured his left leg in the course of his employment on August 11, 2019. Mr. Shepherd sought treatment that day from Wheeling Hospital Emergency Department where he reported left leg pain that began five days prior. He denied an injury. A lumbar CT scan showed a moderate to large L4-5 disc herniation with potential for left L4 or L5 adenopathy due to foraminal and lateral recess compromise. It also showed an L5-S1 protrusion with left S1 lateral recess stenosis and left L5 foraminal stenosis. It was noted that Mr. Shepherd had a history of back pain. He was diagnosed with left lower radiculopathy. The First Report of Injury, also completed that day, indicates Mr. Shepherd was injured while cleaning and moving equipment. The injury was listed as an upper left leg sprain or tear due to pushing and pulling.

The August 12, 2019, Employees' and Physicians' Report of Injury indicates Mr. Shepherd injured his left leg while moving heavy furniture. The physicians' section was completed at Wheeling Hospital Emergency Department. The injury was listed as left lumbar radiculopathy, a nonoccupational condition. An Insurance Loss Notice was completed by John Jorden, principal at the school where the alleged injury occurred. It indicates Mr. Shepherd was moving equipment and cleaning in a cafeteria when he experienced left leg pain. It was noted that there were two witnesses to the injury.

The Employer's Report of Injury was completed on August 13, 2019, and states that Mr. Shepherd injured his leg and back while cleaning and moving equipment on August 9, 2019. The employer was notified on August 11, 2019. It stated that it had no reason to question the injury and did not suspect a prior injury to the lower back. The claims administrator rejected the claim on August 23, 2019.

Mr. Shepherd testified in a hearing before the Office of Judges on November 1, 2019, that on the weekend of August 11, 2019, he was working at a school. He and a coworker, Theresa Hunter, were carrying an old table down some stairs when his left leg went out from under him. Mr. Shepherd testified that he sought treatment on August 11, 2019, and reported left leg pain for five days. He asserted that he had some slight muscle pain due to moving a lot of furniture. Mr.

2

Shepherd stated that the pain he experienced when his leg gave away while carrying a table was much more severe than his muscle soreness the prior five days. Mr. Shepherd stated that after the injury, he could not stand on his left leg. Mr. Shepherd testified that the injury occurred on August 11, 2019, not August 9, 2019, as stated on the Insurance Loss Notice. Mr. Shepherd asserted that he had no prior left leg injury or disability. Theresa Hunter also testified at the hearing. She stated that on August 11, 2019, she and Mr. Shepherd were carrying a heavy table down some steps. Mr. Shepherd fell down the steps and appeared to be in significant pain. Prior to the injury, Mr. Shepherd was performing his job duties with no problems.

The Office of Judges affirmed the claims administrator's rejection of the claim in its November 21, 2019, Order. It found that Mr. Shepherd failed to show that he was injured as a result of his employment. Mr. Shepherd was treated at the Emergency Room on the day he was allegedly injured. At that time, he reported that his left leg pain began five days prior. Further, Mr. Shepherd was diagnosed with nonoccupational left leg radiculopathy. The Office of Judges concluded that the medical evidence failed to persuasively show that Mr. Shepherd sustained a work-related left leg injury on August 11, 2019. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), provides that a noncompensable, preexisting condition is not compensable merely because it was aggravated by a compensable injury. If such an aggravation results in a discrete new injury, that new injury may be held compensable. The evidence indicates Mr. Shepherd suffered from preexisting low back issues. He has failed to establish that he sustained a discrete new injury on August 11, 2019, rather than a mere aggravation of a preexisting condition.

Affirmed.

**ISSUED: July 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING:**

Justice William R. Wooton

3